UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
    **Plaintiff**

v.   Case Number 8:06CR284-003

USM Number 21024-047

**JACK W. DUKE JR.**
    **Defendant**

JAMES J. REGAN

**Defendant's Attorney**

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count I of the Information on April 20, 2007.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 18:641 - THEFT OF GOVERNMENT PROPERTY | August 3, 2005 | 1s |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Indictment is dismissed on the motion of the United States as to this defendant only.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
August 3, 2007

s/ Lyle E. Strom
Senior United States District Judge

August 7, 2007

Defendant: JACK W. DUKE JR.      Page 2 of 7
Case Number: 8:06CR284-003

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this ____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the ____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this ____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: JACK W. DUKE JR.                                                                                              Page 3 of 7
Case Number: 8:06CR284-003

# PROBATION

The defendant is hereby sentenced to probation for a term of **three (3) years**.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

      If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

      The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: JACK W. DUKE JR.  
Case Number: 8:06CR284-003

Page 4 of 7

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in the Home Confinement Program under electronic monitoring for a period of **three (3) consecutive months**. Home confinement shall commence according to a schedule arranged by the Home Confinement Specialist for the District of Nebraska. The defendant shall comply with the provisions of the Home Confinement Participant Agreement for the District of Nebraska and shall pay for the costs of electronic monitoring.

2. The requirement of 18 U.S.C. § 3583 (d) regarding drug testing, that is, testing within fifteen (15) days of release on supervised release and to two (2) periodic drug tests thereafter, is suspended until further order of the court because the presentence investigation report on the defendant and other reliable sentencing information indicates a low risk of future substance abuse by the defendant.

3. The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation officer to determine the presence of controlled substances or any other contraband. Any such items found may be seized by the United States Probation officer. This condition may be invoked with or without the cooperation of law enforcement officers.

4. The defendant shall provide the United States Probation officer with access to any requested financial information.

5. The defendant shall maintain proper debit, credit, and receipt ledgers for all business and personal transactions. These records shall be made available as requested by the probation officer.

6. Defendant shall not make application for any loan, enter into any credit management, or enter into any residential or business lease agreement without approval of the probation officer.

7. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the United States Probation officer.

8. The defendant shall participate in a victim awareness program as directed by the probation office. Based on the defendant's ability to pay, the defendant shall pay for the costs of the program in an amount determined by the probation officer.

9. The defendant shall report to the United States Probation office for the District of Nebraska between the hours of 8:00am and 4:30pm, 100 Centennial Mall North, 530 South U.S. Courthouse, Lincoln, Nebraska, (402) 437-5223, within seventy-two (72) hours of being placed on probation and, thereafter, as directed by the probation officer.

Defendant: JACK W. DUKE JR.  
Case Number: 8:06CR284-003

Page 5 of 7

# CRIMINAL MONETARY PENALTIES

    The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $25.00 (paid) | | $51,638.00 |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    interest requirement is waived.

## FINE

    No fine imposed.

## RESTITUTION

    Restitution in the amount of **$51,638.00** is hereby ordered. The defendant shall make restitution to the following payees in the amounts listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **\*\*Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| Social Security Administration<br>Debt Management Section<br>P.O. Box 2861<br>Philadelphia, PA   19122 | $51,638.00 | $51,638.00 | Priority Order/Percentage |
| **Totals** | $51,638.00 | $51,638.00 | |

    \*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: JACK W. DUKE JR.  
Case Number: 8:06CR284-003

Page 6 of 7

## SCHEDULE OF PAYMENTS

The defendant shall pay the special assessment in the amount of $25.00. The special assessment was paid to the Office of the Clerk, District of Nebraska on August 3, 2007, receipt number 8-4758.

The criminal monetary penalty is due in full on the date of the judgment. The defendant is obligated to pay said sum immediately if he or she has the capacity to do so. The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $75 or 7% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 60 days following the defendant's sentencing, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties. Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court. Unless otherwise specifically ordered, interest shall not accrue on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

Restitution is hereby ordered jointly and severally with:  Robert J. Landwehr,  8:06CR284, $51,638.00; Joy L. Duke,  8:06CR284, $51,638.00.

Defendant: JACK W. DUKE JR.  
Case Number: 8:06CR284-003

Page 7 of 7

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk

8:06-cr-00284-LES-TDT    Doc # 87    Filed: 08/07/07    Page 7 of 7 - Page ID # 219